**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

---

No. 98-60080
Summary Calendar

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

BERNARD SANGS,

Defendant-Appellant.

---

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 2:97-CR-96-4-S-B

---

November 11, 1998

Before WISDOM, DUHÉ, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

A jury convicted Bernard Sangs of conspiracy to distribute and possess with the intent to distribute cocaine base. The district court sentenced Sangs to life imprisonment. Sangs timely filed this appeal, in which he argues that (1) the district court erroneously admitted evidence and (2) the evidence was insufficient to support the jury's verdict. Neither of Sang's contentions has merit. We affirm.

We review the district court's determination regarding the admissibility of evidence for an

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except in the limited circumstances set forth in 5TH CIR. R. 47.5.4.

abuse of discretion.[2] Sangs argues that the district court erred by admitting into evidence Western Union records which reflected money transfers from Sangs and others in the Clarksdale, Mississippi area to recipients in California. The transfers occurred over six months before the mailings which resulted in the indictment. The admissibility of such "similar acts" or "other acts" depends on whether the evidence is "intrinsic" or "extrinsic" evidence.[3] Intrinsic evidence is admissible, while the admissibility of extrinsic evidence is governed by Fed. R. Evid. 404(b).[4] "Other act" evidence is "intrinsic" when (1) both it and the evidence of the crime charged are "inextricably intertwined" or (2) both acts are part of a "single criminal episode" or (3) the other acts were "necessary preliminaries" to the crime charged.[5] Evidence is intrinsic to a conspiracy if it is "relevant to establish how the conspiracy came about, how it was structured, and how each appellant became a member."[6] In the instant case, the district court determined that the evidence was admissible to "establish that a conspiracy existed and how it was structured in this instance, how it operated, between the Marks/Clarksdale, Mississippi area and the Los Angeles, California area."[7] The court also noted that it would instruct the jury about the relevant period and the fact that Sangs must be found to be a member of the conspiracy during that period.[8] While the connection between the money transfers and the conspiracy in this case was not immediate, the transfers did demonstrate the execution of a scheme whereby Sangs and his Mississippi co-

---

[2] *United States v. Lokey*, 945 F.2d 825, 835 (5th Cir. 1991).

[3] *United States v. Williams*, 900 F.2d 823, 825 (5th Cir. 1990).

[4] *See id.*

[5] *Id.*

[6] *Lokey*, 945 F.2d at 834. *See also United States v. Nichols*, 750 F.2d 1260, 1265 (5th Cir. 1985). In *Nichols*, we held that evidence is intrinsic if it documents the "establishment of the conspiracy, identity of the participants, and execution of the scheme[.]" *Id.*

[7] Trial Transcript at 191-192.

[8] *Id.* at 191.

conspirators would deliver money to the unidentified California conspirators in exchange for illegal contraband.  Thus, it cannot be said that the district court abused its discretion by admitting the evidence as intrinsic.[9]

We review Sangs's challenge to the sufficiency of the evidence to see whether the evidence, when viewed in the light most favorable to the Government with all reasonable inferences and credibility choices made in support of the conviction, allows a rational fact finder to find every element of the offense beyond a reasonable doubt.[10]  Sangs contends that the Government's case was based solely upon the testimony of one witness, Antonio Johnson.  "The uncorroborated testimony of an accomplice or co-conspirator will support a conviction, provided that [the] testimony is not incredible or otherwise insubstantial on its face."[11]  "[T]estimony generally should not be declared incredible as a matter of law unless it asserts facts that the witness physically could not have observed or events that could not have occurred under the laws of nature."[12]  Johnson's testimony does not fit within this category.  In addition, contrary to Sangs's assertion otherwise, Johnson's testimony was not uncorroborated.  The Government introduced tape recordings of telephone and body-wire conversations between Sangs and Johnson.  It also introduced post office receipts corresponding to the various deliveries testified to by Johnson.  Sangs's contention that the evidence was insufficient to support his conviction is therefore without merit.

AFFIRMED.

---

[9]      Because the evidence of the money transfers was intrinsic, Fed. R. Evid. 404(b) is not implicated.  *See United States v. Torres*, 685 F.2d 921, 924 (5th Cir. 1982).  We therefore need not consider Sangs' argument that that the transfers were inadmissible extrinsic evidence.

[10]      *United States v. Winters*, 105 F.3d 200, 204 (5th Cir. 1997).

[11]      *United States v. Singer*, 970 F.2d 1414, 1419 (5th Cir. 1992).

[12]      *United States v. Osum*, 943 F.2d 1394, 1405 (5th Cir. 1991).